# In the United States Bankruptcy Court
## for the Southern District of Georgia

In the matter of: ) Chapter 13 Case
ANTHONY BERNARD PROCTOR )
ANGELA GISELLE PROCTOR ) Number   16-20868
*Debtor(s)* )

## CHAPTER 13 PLAN AND MOTION
[General Order 2005-3 Approved Form]

1. Debtor(s) shall pay to the Trustee the sum of $ __725.00__ for the applicable commitment period of:

   ☐ 60 months: **or**
   ☑ not less than 36 nor more than 60 months. § 1325(b)(4).

   (If applicable include the following): These plan payments change to $_____monthly on _____, 20__.

2. From the payments so received, the Trustee shall make disbursements as follows:

   (a) The Trustee percentage fee as set by the United States Trustee.

   (b) Attorney fees allowed pursuant to § 507(a)(2) of $ __3,000.00__ to be paid in accordance with applicable General Orders of this Court.

   (c) Other § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) ☐ Monthly payments according to the contract on the following long-term debts. § 1322(b)(5). (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim):

   | CREDITOR | MONTH OF FIRST TRUSTEE PAYMENT | INITIAL MONTHLY PAYMENT |
   |---|---|---|

   **IN THE ALTERNATIVE:**
   ☑ Debtor will make post-petition payments direct to creditor according to the contract on the following long-term debts:

   | CREDITOR | INITIAL MONTHLY PAYMENT |
   |---|---|
   | RUSHMORE LOAN MANAGEMENT | 217.00 |
   | ALL STUDENT LOANS | UNKNOWN |
   | CREDIT ACCEPT CORP BY CO-SIGNER | 353.00 |

   (e) Fully Secured Allowed Claims and Executory Contracts as set forth below:

   | CREDITOR | COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENTS(Est.)* |
   |---|---|---|---|---|
   | REGIONAL ACCEPT | 2012 NISSAN | 24,803.00 | 5.0% | 505.54 ** |
   | BADCOCK | PMSI < 1 YR | 1,527.00 | 5.0% | 31.12 ** |

   (f) Undersecured Allowed Claims. Debtor moves to value the collateral partially securing the following claims pursuant to § 506 and provide payment in satisfaction of those claims as set forth below:

   | CREDITOR | COLLATERAL | VALUATION | INTEREST RATE | MONTHLY PAYMENTS |
   |---|---|---|---|---|
   | SPRINGLEAF | 2007 CHEVY | 4,538.00 | 5.0% | 92.50 ** |
   | IST FRANKLIN | NON-AVOID PP | 1,000.00 | 5.0% | 20.38 ** |

* Payment amount is estimated because the Claim is estimated. It will be adjusted according to the actual allowed secured claim.

    (g) Cure payments on allowed prepetition arrearage claims as set forth below. § 1322(b)(5):

| CREDITOR | ESTIMATED PREPETITION CLAIM |
|---|---|
| RUSHMORE MORTGAGE | 434.00 |

    (h) The following unsecured allowed claims are classified to be paid at 100% ☐ with interest at ____%; ☐ without interest.

    (i) Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in ¶ 2(f) or 6, will be paid a ___0.00___ % dividend or a prorata share of $_____, whichever is greater.

3. Debtor will make § 1326(a)(1) pre-confirmation lease and adequate protection payments on allowed claims of the following creditors: ☐ Direct to the Creditor; or ☑ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| REGIONAL ACCEPT | 248.03 |
| BADCOCK | 15.27 |
| SPRINGLEAF | 45.38 |

4. Debtor will pay all post-petition domestic support obligations direct to the holder of such claim identified here. § 101(14A). Debtor requests Trustee to provide the statutory notice of § 1302(d) to these claimants.

| CREDITOR | ADDRESS |
|---|---|

5. Pursuant to 11 U.S.C. § 522(f), debtor moves to avoid the liens of the following creditors, upon confirmation but subject to § 349, with respect to the property described below:

| CREDITOR | | PROPERTY |
|---|---|---|
| SPRINGLEAF | FLIGHT FINANCE (ALL) | HHG/Furnishings, Etc. |
| 1ST FRANKLIN | WORLD FINANCE (ALL) | HHG/Furnishings, Etc. |
| REGIONAL FINANCE | SECURITY FINANCE (ALL) | HHG/Furnishings, Etc. |
| SUNSET FINANCE (ALL) | WESTERN FINANCE | HHG/Furnishings, Etc. |

6. The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below:

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|

7. Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by § 1325(a)(5).

8. Other Provisions: FILING FEES ARE BEING PAID DIRECTLY TO THE CLERK OF COURT.

   IN THE EVENT THAT STAY RELIEF IS GRANTED AS TO ANY LONG TERM DEBT PROVIDED FOR IN SECTION 2.(d) ABOVE, SUCH DEBT SHALL ALSO BE DISCHARGED UPON COMPLETION OF THE PLAN.

   **AFTER CONFIRMATION AND AFTER ADEQUATE PROTECTION PAYMENTS, SECURED CREDITORS WILL BE PAID PRO-RATA WITH ADMINISTRATIVE CLAIMS BASED ON AVAILABILITY OF FUNDS.

9. The amount, and secured or unsecured status, of claims disclosed in this Plan are based upon debtor's best estimate and belief. An allowed proof of claim will supercede those estimated claims. Objections to claims may be filed before or after confirmation. Debtor will increase payments in the amount necessary to fund allowed claims as this Plan proposes, after notice from the Trustee and a hearing if necessary, unless a Plan Modification is approved.

Dated   10/25/16                                        /s/   ANTHONY BERNARD PROCTOR

                                                      /s/   ANGELA GISELLE PROCTOR