**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| ANTHONY BERNARD PROCTOR, | ) | CASE NO. 16-20868-MJK |
| ANGELA GISELLE PROCTOR, | ) | |
| | ) | JUDGE MICHELE J. KIM |
| Debtors. | ) | |
| ─────────────────────────── | ) | ─────────────────────────── |
| | ) | |
| CREDIT ACCEPTANCE | ) | CONTESTED MATTER |
| CORPORATION, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANTHONY BERNARD PROCTOR, | ) | |
| ANGELA GISELLE PROCTOR, and | ) | |
| M. ELAINA MASSEY, as | ) | |
| Trustee, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MOTION TO TERMINATE STAY AND TO AUTHORIZE MOVANT TO
TAKE POSSESSION OF COLLATERAL AND WAIVER OF RIGHT TO
HEARING WITHIN 30 DAYS AS PROVIDED BY 11 U.S.C. SECTION 362(e)**

COMES NOW CREDIT ACCEPTANCE CORPORATION (hereinafter referred to as "CREDIT ACCEPTANCE") and respectfully represents the following:

1.

The within and foregoing Petition under Chapter 13 of the Bankruptcy Code was filed on 10/25/2016.

2.

Respondent(s) executed a contract, which was assigned to CREDIT ACCEPTANCE for value, CREDIT ACCEPTANCE retaining first

priority lien and security interest in the collateral described therein, all of which is more fully described in the proof of claim on file with this court and made a part hereof, being collateral known as 2004 Nissan 350Z, VIN JN1AZ34D44M101200.

3.

Movant is presently unable to take possession of and enforce its contractual rights unless the Court terminates, annuls, modifies, or otherwise conditions the automatic Stay under 11 U.S.C. §362.

4.

Movant does not have and has not been offered adequate protection by the Respondent(s). Although the Chapter 13 Plan provides that the Co-Debtor is to pay CREDIT ACCEPTANCE directly, there is no cosigner on the retail installment contract and the Debtors have not paid CREDIT ACCEPTANCE the 02/12/2017 post-petition payment nor the payment for any month thereafter. The account is presently $3,381.79 delinquent and in default.

5.

Further, the aforedescribed collateral is depreciating in value daily and the Debtors have no equity in the collateral. The debt owing to CREDIT ACCEPTANCE is $5,033.78 net balance, the value of the collateral being less than the debt.

6.

Movant makes this request pursuant to 11 U.S.C. §362, seeks a hearing pursuant to §362(e) and waives right to hearing within

thirty (30) days as provided by 11 U.S.C. Section 362(e).

WHEREFORE, Movant prays:

(a) That the Court grant Movant an immediate hearing;

(b) That after notice and hearing, the Movant be entitled to unrestrained possession, custody and control of the aforedescribed collateral and be permitted to proceed as by law allowed;

(c) That the Court grant immediate relief and waive the requirement of Bankruptcy Rule 4001(a)(3); and

(d) That the Court grant such other relief as is just and proper.

                    Respectfully submitted,

                    LEVINE & BLOCK, LLC

                  BY: /s/ Ronald A. Levine
                      Ronald A. Levine, Esq.
                      (GA Bar No. 448736)

P.O. Box 422148
Atlanta, Georgia  30342
(404) 231-4567